James Edward JACKSON, et al., Plaintiff,

v.

FRANKLIN COUNTY SCHOOL BOARD, et al., Defendants.

Civ. A. No. J84–0716(L).

United States District Court, S.D. Mississippi, Jackson Division.

Jan. 18, 1985.

Willie L. Rose, McComb, Miss., for plaintiff.

W.H. McGehee, McGehee, McGehee & Torrey, Meadville, Miss., for defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of the plaintiffs, James Edward Jackson, a minor, and his mother, Lillie R. Thompson, to require the defendants, Franklin County School Board, Barry Dillard and Larry Jones, to comply with the interim placement requirements of 20 U.S.C. § 1415 and with a previous order of this court. After consideration of evidence and testimony presented at a hearing and the memoranda of authority submitted by the parties, the court is of the opinion that the plaintiffs' motion for preliminary injunction should be denied.

In January 1984, Jackson was involved in an altercation with a girl in a special education class at Franklin County High School. After admitting to school authorities that

he unbuttoned the girl's blouse and touched her breast, he was suspended from school for three days. During his suspension, Jackson went before the Franklin County Youth Court regarding the incident and was sent to East Mississippi State Hospital for three months for treatment, counselling and continued educational services. He was released from East Mississippi after approximately one month and returned to live with his mother in Franklin County. A decision was made by his mother that he not return to school for the balance of the school year. He has not attended Franklin County High School since his suspension in January and did not to seek readmission until the fall semester of 1984. On September 24, the plaintiffs filed this action to obtain James' readmission to the school. After a hearing on their first motion for preliminary injunction, the court ordered that the parties meet the next day to prepare the individualized education program (IEP) necessary to readmit Jackson as a student. After review of Jackson's psychological and academic reports, Franklin County's Director of Special Education, Dr. Aleta Schexnayder, stated that his primary needs were, in descending order of priority, in-depth counselling, vocational training and academics. Dr. Schexnayder suggested group homes in Mississippi and Devrereaux schools outside the state on the basis that these facilities could meet all three of Jackson's needs, as well as provide twenty-four supervision and a controlled environment. A Job Corps program would provide vocational training as well as counselling but would not meet Jackson's academic needs. Dr. Schexnayder stated that the school system could not meet all three of his needs, as the vocational program at Franklin County High School, adult education, and home tutoring would satisfy some vocational and academic needs but would not provide the counselling that Dr. Schexnayder considers to be the top priority. Franklin County does not have the personnel to provide in-depth counselling treatment in a controlled environment that she believes will be most beneficial to Jackson. The parties discussed the options available to meet the specified needs, and the plaintiffs and their attorneys rejected each offer. Following the conference, the plaintiffs initiated the administrative appellate procedure provided in the Education for all Handicapped Children Act (EAHAC) and also filed this second motion for preliminary injunction.

■ The criteria for the issuance of a preliminary injunction are well settled in the Fifth Circuit. The moving party must demonstrate:

1. A substantial likelihood that the movant will prevail on the merits;

2. A substantial threat that the movant will suffer irreparable injury if the injunction is not granted;

3. That the threatened injury to the movant outweighs the threatened harm the injunction may do to the nonmoving party; and

4. That granting the preliminary injunction will not disserve the public interest. *Canal Authority v. Callaway,* 489 F.2d 567, 572 (5th Cir.1979). A preliminary injunction is extraordinary relief and should only be granted upon a clear showing by the plaintiff. *Id.*

The plaintiffs must first establish a substantial likelihood of success on the merits of their claims. The issue presented by the plaintiffs' motion is narrow and deals only with the educational placement of Jackson pending resolution of his appellate proceedings. 20 U.S.C. § 1415(e)(3) states:

(3) During the pendency of any proceeding conducted pursuant to this section, unless the State or local educational agency and the parents or guardian otherwise agree, the child shall remain in the then current educational placement of such child, or, if applying for initial admission to a public school, shall, with the consent of the parents or guardian, be placed in the public school program until all such proceedings have been completed.

The plaintiffs contend that Jackson is entitled to return to in-school placement

under the IEP in effect when he left school in January 1984. The defendants argue that Jackson currently has no IEP in effect because the January 1984 plan had expired. A revised IEP is required, according to the defendants, and, because of repeated instances of Jackson's disruptive behavior, in-school placement is no longer advisable or practicable. Dr. Schexnayder opined that, based on psychological reports reflecting that Jackson suffers from a psychosexual disorder and on her contact with him, Jackson would be disruptive of the educational process and dangerous to the emotional and physical well-being of other students. Prior to the January 1984 incident, Jackson was involved in two similar incidents, one of which occurred on school grounds and resulted in his being adjudicated a delinquent by the Franklin County Youth Court. The other incident, involving a three year old child, resulted in Jackson's being sent to Columbia Training School. The defendants have, however, offered to provide Jackson with home tutoring and counselling services through Southwest Mississippi Mental Health while his appeal is pending. In addition, the defendants' offers of placement at facilities outside Franklin County remain open. The plaintiffs have rejected these offers and apparently will accept nothing but in-school placement.

■ The EAHCA provides the framework whereby federal funding for education of handicapped children is available to public school systems. The Act guarantees a "free appropriate public education" for all handicapped children. *See Stacey G. v. Pasadena Independent School District*, 695 F.2d 949, 952 (5th Cir.1983). 20 U.S.C. § 1415(e)(3) protects the child's rights by requiring that the student be maintained in "the then current educational placement." However, "[w]hile the placement may not be changed, this does not preclude the agency from using its normal procedures for dealing with children who are endangering themselves or others." 34 C.F.R. § 300.513 (comment). The school system retains its authority and duty to "ensure a safe school environment." *S–1 v. Turlington*, 635 F.2d 342, 348 n. 9 (5th Cir.1981).

■ This court is of the opinion that the defendants' refusal to permit Jackson to continue with his in-school placement is based on the reasonable conclusion that he would disrupt the educational process of other students and is not violative of the school's responsibility to him. Furthermore, it is clear that the services offered meet Jackson's needs more effectively than the IEP in effect in January 1984. Therefore, plaintiffs have not shown a substantial likelihood of success on the merits.

Plaintiffs have also failed to show that Jackson will suffer irreparable harm by not being allowed to resume his studies pursuant to the January 1984 IEP. Of course, remaining out of school normally is harmful to any student, but it appears that neither Jackson nor his mother made a concerted effort for readmission until recently. In addition, according to Dr. Schexnayder, who enjoys the full confidence of plaintiffs and their witness, Donna Miller, Jackson's own educational needs would be better served in group residential placement. Finally, the plaintiffs and their attorneys have rejected every option for alternative educational service, including temporary tutoring at the public library or at home and counselling, with no apparent basis except personal preference. Franklin County is apparently willing to accept increased financial burdens in order to satisfy Jackson's special needs. To allow him to return to an outdated IEP and disregard the offered assistance would not be beneficial to him or in his best interest.

Any harm suffered by Jackson is outweighed by the defendants' showing that his presence would interfere with the providing of effective educational services to other students. Furthermore, the public interest is best served by preserving the defendants' ability to provide a safe and effective environment for learning, while still offering quality educational services to Jackson.

Because the plaintiffs have failed to satisfy the requirements of the *Canal Au-*

*thority* test, it is ordered that the motion for preliminary injunction is denied. This court notes that this order deals only with services to be provided for a short period of time. If Jackson, his mother and his attorneys will accept one of the service options offered by the defendants, his education need not be further interrupted, and he will be in a better position to continue his studies following resolution of administrative appeals regarding permanent placement.

At the hearing, the court reserved ruling on the plaintiffs objection to the admissibility of records from East Mississippi State Hospital. Consideration of those records, except excerpts elicited on cross examination, was unnecessary to the court's ruling and the plaintiffs' objection is, therefore, sustained. The court reserves ruling on the defendants' motion for the imposition of sanctions against the plaintiffs for the filing of this motion, alleged to be repetitive and frivolous.